IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREGORY LAMONT KNOX,<br><br>    Plaintiff,<br><br>vs.<br><br>MERCED SHERIFF DEPARTMENT, et al.,<br><br>    Defendants.<br>_____/ | 1:11-cv-01598-AWI-GBC (PC)<br><br>FINDINGS AND RECOMMENDATION RECOMMENDING TO DISMISS ACTION WITHOUT PREJUDICE FOR FAILURE TO RESPOND TO THE COURT'S ORDER<br>Doc. 5<br><br>OBJECTIONS DUE IN 15 DAYS |

**I.      Factual and Procedural Background**

On September 21, 2011, Plaintiff filed a civil rights complaint and the mailing address indicates that he is not currently incarcerated. Doc. 1. On October 3, 2011, the Court ordered Plaintiff to clarify his correct mailing address and prisoner status in order for the Court to proceed in its consideration of Plaintiff's IFP request. Doc. 4. On January 3, 2012, the Court issued an order to show cause as to why this action should not be dismissed for failure to obey a court order and gave Plaintiff thirty days to respond. Doc. 5. The thirty (30)-day period has expired, and Plaintiff has not responded to the Court's order.

**II.     Failure to Comply With Court Order and Failure to Prosecute**

Local Rule 110 provides that "failure of counsel or of a party to comply with these Local Rules or with any order of the Court may be grounds for the imposition by the Court of any and all sanctions . . . within the inherent power of the Court." District courts have the inherent power to

1 control their dockets and "in the exercise of that power, they may impose sanctions including, where
2 appropriate . . . dismissal of a case." *Thompson v. Housing Auth.*, 782 F.2d 829, 831 (9th Cir. 1986).
3 A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action,
4 failure to obey a court order, or failure to comply with local rules. *See, e.g. Ghazali v. Moran*, 46
5 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for noncompliance with local rule); *Ferdik v. Bonzelet*, 963
6 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring
7 amendment of complaint); *Carey v. King*, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (dismissal for
8 failure to comply with local rule requiring pro se plaintiffs to keep court apprised of address);
9 *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply
10 with court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for failure
11 to lack of prosecution and failure to comply with local rules).

12       In determining whether to dismiss this action for failure to comply with the directives set
13 forth in its order, "the Court must weigh the following factors: (1) the public's interest in expeditious
14 resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to
15 defendants/respondents; (4) the availability of less drastic alternatives; and (5) the public policy
16 favoring disposition of cases on their merits." *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir.
17 2002) (citing *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992)).

18       'The public's interest in expeditious resolution of litigation always favors dismissal.'
19 *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (quoting *Yourish v. California Amplifier*, 191 F.3d 983,
20 990 (9th Cir. 1999)).  Plaintiff is obligated to comply with the Local Rules and was informed via
21 court order regarding the need respond to the order filed on January 3, 2012. Doc. 5.  The Court's
22 effort was met with silence from Plaintiff, and the Court cannot effectively manage its docket if a
23 party ceases to obey the orders of the court and litigate the case.  Thus, both the first and second
24 factors weigh in favor of dismissal.

25       Turning to the risk of prejudice, "pendency of a lawsuit is not sufficiently prejudicial in and
26 of itself to warrant dismissal." *Id.* (citing *Yourish* at 991).  However, "delay inherently increases the
27 risk that witnesses' memories will fade and evidence will become stale," *id.*, and it is Plaintiff's
28 failure to comply with the Local Rules and the Court's order that is causing delay.  Therefore, the

third factor weight in favor of dismissal.

As for the availability of lesser sanctions, at this stage in the proceedings there is little available to the Court which would constitute a satisfactory lesser sanction while protecting the Court from further unnecessary expenditure of its scare resources.  Finally, because public policy favors disposition on the merits, this factor usually weighs against dismissal. *Id.* at 643.  However, "this factor lends little support to a party whose responsibility it is to move a case toward disposition on the merits but whose conduct impedes progress in that direction," *In re Phenylpropanolamine (PPA) Products Liability Litigation*, 460 F.3d 1217, 1228 (9th Cir. 2006) (internal quotations and citations omitted), as is the case here.

In summary, Plaintiff has failed to respond to the Court's order filed on January 3, 2012, despite being notified of the requirement for Plaintiff to respond.  Doc. 5.

### III.  Conclusion and Recommendation:

Based on the foregoing, the Court HEREBY RECOMMENDS that: Plaintiff's action filed September 21, 2011, be DISMISSED WITHOUT PREJUDICE for failure to comply with a court order.  Doc. 1.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **fifteen (15) days** after being served with these Findings and Recommendations, Plaintiff may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir.1991).

IT IS SO ORDERED.

Dated:   February 13, 2012

UNITED STATES MAGISTRATE JUDGE